# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT LEXINGTON

| | |
|---|---|
| AIDA BALDWIN ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | CASE NO. _____ |
| v. ) | |
| ) | ***ELECTRONICALLY FILED*** |
| LOWE'S HOME CENTERS, LLC, ) | |
| ) | |
| And ) | |
| ) | |
| LOWE'S HOME IMPROVEMENT, ) | |
| LLC ) | |
| ) | |
| Defendants ) | |

## NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC (incorrectly identified in Plaintiff's Complaint as "Lowe's Home Improvement, LLC"), by counsel, hereby removes this action from Scott Circuit Court, in Georgetown, Kentucky, to the United States District Court for the Eastern District of Kentucky pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

1. Plaintiff, Aida Baldwin, commenced this action on or about June 2, 2022, by filing her complaint in the Scott Circuit Court, Civil Action No. 22-CI-00360. Defendant Lowe's was served with the complaint on June 7, 2022. (Complaint, attached hereto as Exhibit A).

2. Plaintiff alleges that on June 23, 2021, she slipped and fell on water on the floor of the garden center at the Lowe's store located on 109 Magnolia Drive, Georgetown, Kentucky and suffered personal injuries.

## TIMELINESS OF REMOVAL

3. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4. Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action…."

5. On July 20, 2022, Plaintiff responded to Defendant Lowe's requests for admission. (*See*, Plaintiff's Answers to Defendant Lowe's Home Centers, LLC's Requests for Admission, attached hereto as Exhibit B). Counsel for Lowe's received Plaintiff's responses on July 20, 2022.

6. Plaintiff's responses to the requests for admission indicated for the first time that the amount in controversy in this matter exceeded $75,000.

7. This notice of removal is timely because less than thirty days have elapsed since Defendant Lowe's received Plaintiff's responses to Lowe's requests for admission. Further, the notice of removal is timely because it is being filed less than one year after commencement of the action on June 7, 2022.

## VENUE

8. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(a)(2)(B) and 3.2(b) of the Joint Local Rules of Civil Practice because the Eastern District of Kentucky at Lexington is the United States District Court for the district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

9. This is a civil action in which there is complete diversity of citizenship between plaintiff and defendant. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

10. Plaintiff is an individual who is a citizen and resident of Cynthiana, Kentucky. (Complaint, Exhibit A, at ¶1).

11. Defendant, Lowe's Home Centers, LLC, is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina. Accordingly, Lowe's Home Centers, LLC is not a citizen of Kentucky.

12. Defendant, Lowe's Home Improvement, LLC, is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina. Accordingly, Lowe's Home Improvement, LLC is not a citizen of Kentucky.

## AMOUNT IN CONTROVERSY

13.    In Plaintiff's response to Defendant Lowe's requests for admission, Plaintiff denied that the total amount in controversy relating to Plaintiff's claims against Defendant Lowe's does not now, and never will, exceed the requisite jurisdictional amount of $75,000. (*See*, Plaintiff's Answers to Defendant Lowe's Home Centers, LLC's Requests for Admission, attached hereto as Exhibit B, at ¶1). Plaintiff also denied that she would never accept or ask a jury for damages relating to Plaintiff's claims, which would exceed $75,000, exclusive of interest and costs. *Id.* at ¶2.

14.    Plaintiff denied that she would not seek less than $75,000. Such denials of a request for admission phrased in the negative are competent proof establishing the amount in controversy. *Powel v. Wal-Mart Stores, Inc.*, Civil Action no. 14-155-HRW, 2015 WL 2063966, at 2-3 (E.D. KY. Apr. 30, 2015); *see also Murchinson v. Progressive Northern Ins. Co.*, 564 F.Supp.2d 1311, 1341(E.D. Okla. 2008) (finding that plaintiff's denial of a request for admission that she would not seek damages in excess of the jurisdictional minimum to be the first paper from which removability could have been ascertained); *Freeman v. Witco, Corp.,* 984 F.Supp. 443, 447 (E.D. La. 1997) (finding same); *McLain v. Am. Int'l Recovery, Inc.*, 1 f.Supp.2d 628, 631 (S.D. Miss 1998) (finding removal proper "[i]f the plaintiff denies [a] request" to admit "that his damages do not exceed $75,000").

15.    Further, Plaintiff claims damages in this litigation for "personal injuries of a permanent nature," "mental and physical pain and suffering both of a temporary

and permanent nature," temporary and permanent impairment to her "power and ability to labor and earn" money, past and future medical expenses, the loss of her ability to lead and enjoy a normal life," and past and future lost wages. (*See*, Complaint, Exhibit A at ¶13.)

16. Given the alleged nature and extent of Plaintiff's injuries and Plaintiff's response to Defendant Lowe's requests for admission, the preponderance of available evidence indicates that the alleged damages in this case exceed $75,000 exclusive of interests and costs, thereby satisfying the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).

## OTHER MATTERS

17. Pursuant to 28 U.S.C. § 1446(a), all other pleadings, process, and orders served on and by the removing defendant in the state action are attached to this notice of removal as Exhibit C.

18. In compliance with 28 U.S.C. § 1446(d), notice of filing of this notice of removal is being filed with the Circuit Court for Scott County, Kentucky.

19. Defendant Lowe's is serving all other parties with written notice of the removal of this action.

20. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

        Respectfully submitted,

        STEPTOE & JOHNSON PLLC

        */s/ Laura L. Mays*
        Laura L. Mays
        100 West Main Street, Suite 400
        Lexington, Kentucky 40507
        859.219.8216 (t) ∕ 859.255.6903 (f)
        laura.mays@steptoe-johnson.com
        COUNSEL FOR DEFENDANT
        LOWE'S HOME CENTERS, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of July 2022, a copy of the foregoing *Notice of Removal* was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and U.S. Mail, postage prepaid. Parties may access this filing through the Court's system:

Tanner H. Shultz
Morgan & Morgan
222 West Vine Street, Suite 1200
Lexington, Kentucky 40507
tshultz@forthepeople.com
*Counsel for Plaintiff*

        */s/ Laura L. Mays*
        COUNSEL FOR DEFENDANT
        LOWE'S HOME CENTERS, LLC